**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Renee Elizabeth Agnew-Currie, | ) | No. CV 11-1953-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Michael J. Astrue, | ) ) | |
| Defendant. | ) ) ) | |
| | ) | |

**Background**

Plaintiff appeals from Defendant's denial of her claim for social security disability benefits. Defendant, upon review of the record, concedes that this Court should remand this case to the agency. The dispute between the parties arises over whether this Court should remand for an immediate award of benefits or for further proceedings to develop the record to determine whether Plaintiff is entitled to benefits. More specifically, Defendant concedes that the Administrative Law Judge ("ALJ") who presided over Plaintiff's hearing and issued a decision did not properly address certain medical professionals' testimony.

**ALJ's evaluation of medical testimony**

The ALJ can reject the opinion of a treating physician in favor of the conflicting opinion of another examining physician "if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.' " *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen*, 881

1    F.2d 747, 751 (9th Cir.1989)).  Here, Defendant concedes that the ALJ did not give specific

2    and legitimate reasons for not relying on the testimony of Dr. DeJesus, Dr. Lanier, Nurse

3    Henderson, or Dr. Mason.

4    **Parties' positions**

5        Plaintiff argues that given the Defendant's concession, this Court should credit-as-true

6    the testimony of these medical providers.  Plaintiff then concludes that after crediting these

7    opinions as true, this Court should remand for an award of benefits.

8        Defendant argues that under *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135,

9    1137 (9th Cir. 2011), this Court can remand for an award of benefits only when the record

10   shows the claimant is in fact disabled as defined by the statute.  Defendant says this result

11   is mandated "no matter how egregious the ALJ's errors may be." *Id.*  The bottom line of this

12   argument is that this Court cannot award disability benefits to a non-disabled person as a

13   sanction against Defendant for the ALJ not writing a thorough opinion.  Thus, Defendant

14   argues this Court should remand for the ALJ to properly consider and analyze the evidence

15   and make a new determination regarding entitlement to benefits.

16   **State of the Law**

17       This Court has the discretion to remand this case for the ALJ to further develop the

18   record or to award benefits to Plaintiff.  *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir.

19   1998); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).  The Ninth Circuit Court of

20   Appeals ("Ninth Circuit") has provided guidance for the appropriate exercise of the award

21   of benefits discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  According to

22   the Ninth Circuit, evidence should be credited and an action remanded for the immediate

23   award of benefits when the following three factors are satisfied:

24       (1) the ALJ has failed to provide legally sufficient reasons for rejecting such
     evidence, (2) there are no outstanding issues that must be resolved before a
25   determination of disability can be made, and (3) it is clear from the record that
     the ALJ would be required to find the claimant disabled were such evidence
26   credited.

27   *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

28

In applying factors two and three above, the Ninth Circuit has adopted the "credit-as-true" rule. "Where the [ALJ] fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law." *Lester v Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (internal quotations omitted). In clarifying what credit-as-true means, the Ninth Circuit adopted the same test for medical testimony it had previously used for a claimant's pain testimony. *Harmon*, 211 F.3d at 1178-79. Specifically, the Court stated,

> Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reaching a conclusion first, and then attempting to justify it by ignoring competent evidence. And the rule of crediting such testimony ensures that deserving claimants will receive benefits as soon as possible.
>
> Certainly there may exist valid grounds on which to discredit a claimant's pain testimony. But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them *in the original decision*.

*Id.* at 1179 (internal modifications of original quotation omitted).

Applying the credit-as-true rule, the *Harmon* Court further stated that if after crediting Dr. Fox's testimony as true the claimant would be entitled to benefits, then the Court should remand for an award of benefit, "regardless of whether the ALJ *might* have articulated a justification for rejecting Dr. Fox's opinion." *Id.*

Similarly, in *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004), the Ninth Circuit stated, "Because the ALJ failed to provide legally sufficient reasons for rejecting Benecke's testimony and her treating physician's opinions, we credit the evidence as true." The Ninth Circuit went on to say that once the evidence is credited at true, there would be no basis for the ALJ to conclude the Plaintiff could perform sedentary work. *Id*. at 596. And specifically the Ninth Circuit removed the option of the ALJ reconsidering the evidence stating, "Allowing the [ALJ] to decide the issue again would create an unfair 'heads we win; tails let's play again' system of disability benefits adjudication." *Id.* at 595. Finally, the Ninth Circuit stated that the ALJ should not be allowed to reconsider the evidence, even with new

and additional vocational expert testimony crediting the further limitations of claimant, because allowing reconsideration, would provide no incentive for the ALJ to fulfill his/her duty to develop the record in the first instance.  *Id*.[1]

In the face of this state of the law, the Government argues that "credit-as-true" as applied by the Ninth Circuit violates the Social Security Regulations and Supreme Court case law.  Doc. 14, n. 5.  In support of its position, Defendant points to examples of conflicting rules.  For example, in *INS v. Ventura*, 537 U.S. 12, 16 (2002), the Supreme Court held that when a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  Although Plaintiff argues this holding applies in only immigration cases (Doc. 17 at 19), the Ninth Circuit applies it in social security cases.  *See Benecke*, 379 F.3d at 595.

Defendant goes on to cite Judge O'Scannlain's dissent in *Vasquez*.  *See Vasquez v. Astrue* 572 F.3d 586 (2009).   In his dissent, Judge O'Scannlain addresses the Commissioner's petition for rehearing en banc.  In reviewing the Commissioner's petition, Judge O'Scannlain recounts that credit-as-true with respect to a claimant's pain testimony is inconsistent with 42 U.S.C. § 523(d)(5)(A) (claimant's testimony alone cannot be basis for

---

[1]   Although in the credit-as-true context of treating physician's opinions or a claimant's subjective complaints of pain/symptoms the Court of Appeals has rejected remanding a case for the ALJ to further explain an opinion, the Court of Appeals permits such a result in evaluating a combination of impairments under step 3.  *See Marcia v. Sullivan*, 900 F.2d 172, 176-77 (9th Cir. 1990) ("We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.  Applying this standard to the findings in this case, we find that the [ALJ's] statement that [Plaintiff] did not equal the listing was insufficient. ... We remand this case to the Secretary for proper consideration of step three equivalence because he is in a better position to evaluate the medical evidence.  On remand, if the Secretary finds that [Plaintiff's] impairment or combination of impairments equals a listing, the claimant is presumed to be disabled, and benefits should be awarded.  If the Secretary determines that [Plaintiff's] medical evidence is insufficient to raise a presumption of disability, he should consider the disability evaluation to steps four and five.").

disability finding).  572 F.3d at 601-02.  Judge O'Scannlain further notes that although *Ventura* requires remand for additional investigation or explanation except in rare cases, and accepting the Commissioner's statistics as true, the way the Ninth Circuit applies credit-as-true causes what should be the "rare" case to be somewhat common.  *Id.* at 601-602.  Finally, Judge O'Scannlain discusses without deciding that if the Ninth Circuit's credit-as-true rule is a de facto finding of disability, "then our circuit's precedent is badly misaligned with that of other circuits."  *Id.* at 602.

Defendant further argues that this Court should reject "credit-as-true" based on *Strauss* and *Parra*.  Specifically, Defendant argues under *Strauss* this Court cannot award disability benefits based on ALJ errors.  635 F.3d at 1137.  Further, Defendant relies on *Strauss's* holding that an award of benefits is appropriate only when the claimant is actually disabled.  *Id*.  Defendant concludes that credit-as-true is effectively just a sanction against the ALJ, which leads to a finding of disability, even when there is conflicting evidence in the record; thus, such a rule conflicts with *Strauss*.  Moreover, Defendant argues that credit-as-true usurps the ALJ's designated statutory role as finder of fact.  42 U.S.C. § 405(b)(1); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).

As Judge O'Scannlain noted, "at least one panel has explicitly held that the crediting-as-true rule is not mandatory.  *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)."  *Vasquez*, 572 F.3d at 604 (O'Scannlain, J. dissenting).  Conversely, he further notes that *Lester*, *Harmon*, and *Benecke* all applied the bright line rule that improperly rejected testimony will be credited as true as a matter of law.  *Id*. at 603-04.  Judge O'Scannlain then concludes that although there are two lines of cases as to whether credit-as-true is discretionary, he cannot ignore the circuit law of *Lester*, *Harmon*, and *Benecke* which make credit-as-true mandatory.  *Id.* at 605 (O'Scannlain, J. dissenting).  The majority in *Vasquez*, however, disagreed with Judge O'Scannlain about how to resolve this conflict.  Specifically, the majority stated:

Since *Varney II*, a split in authority has developed over whether [credit-as-

true] is mandatory or discretionary in this Circuit. *Compare, e.g., Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) (holding that when an ALJ improperly rejects a claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, the testimony must be credited as a matter of law); *with Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir.2003) (discussing the Circuit's conflicting case law and holding that the doctrine is not mandatory because the court has "some flexibility in applying the crediting as true theory" (internal quotation marks omitted)). It is not necessary for us to resolve the conflict at this time, however, because, unlike *Varney II* or *Lester*, here there are outstanding issues that must be resolved before a proper disability determination can be made. [Footnote omitted] *See Varney II* at 859 F.2d 1401 (declining to address whether the credit-as-true rule should be adopted in cases where a remand for further proceedings is required before a disability determination can be made); *Lester*, 81 F.3d at 834 (holding that the credit-as-true rule is mandatory, but only where the claimant would be disabled if his testimony were credited).

*Id.* at 593.

Thus, this Court must weigh Judge O'Scannlain's guidance that this Court must follow the binding circuit precedent of *Lester*, *Harmon*, and *Benecke*, against Defendant's argument that such precedent is inconsistent with Supreme Court case law, the Code of Federal Regulations, other Circuit Courts of Appeals, and precedent of this Circuit (namely *Connett* and *Strauss*). Further complicating this analysis is *Vasquez*'s acknowledgment that credit-as-true may be discretionary in this Circuit — a position neither party to this case advocates.

As both the majority and dissent in *Vasquez* note, even when the Court applies credit-as-true, that does not end the inquiry of whether to remand for an award of benefits or for further proceedings. *Id.* at 593-94, 603 ("The crediting-as-true rule is related to the decision on whether to remand for award of benefits; however, they are separate inquiries.") (O'Scannlain, J. dissenting). Thus, the framework to decide this case seems to be as follows. First, assuming credit-as-true is mandatory, and after applying credit-as-true, determine whether to remand for an award of benefits or for further proceedings. *Id.* at 593. Second, if the remand is for further proceedings, that ends the inquiry on appeal; however, if the remand is for award of benefits: resolve the conflict of whether credit-as-true is mandatory or discretionary. *Id.* at 593. If credit-as-true is mandatory, that again ends the inquiry. If

credit-as-true is discretionary, third, determine whether the Court should discretionarily apply credit-as-true (weighing factors including whether the claimant is of advanced age, whether claimant had previously experienced severe delays in the application process, and whether the claimant is having financial difficulties).  *Id*. at 593-94; *Benecke*, 379 F.3d at 595.

This framework, which the Court will apply in this case, effectively rejects Defendant's argument that this Court should refuse to apply credit-as-true, in any of its forms, because it is inconsistent with all other law regarding social security benefits. Defendant makes a powerful case in this regard.  And the case becomes even more powerful by the 2011 decision in *Strauss*. 635 F.3d at 1135, 1138 ("The ALJ's errors are relevant only as they affect that analysis on the merits.  A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").  However, *Strauss* clearly did not intend to overrule the cases on credit-as-true, whatever they may mean, because the Court went on to state, "Here, the district court did not undertake to determine whether Plaintiff is disabled within the meaning of the statute.  The court did not *credit as true* any evidence that the ALJ had improperly excluded or discounted."  *Id*. (emphasis added).

Thus, on one side, the Court agrees with Defendant that credit-as-true based solely on the ALJ's failure to articulate with specificity the reasons for a decision, even when such reasons exist in the record, appears to be a windfall to a potentially non-disabled person based on ALJ error.  *Harmon*, 211 F.3d at 1179 (applying credit-as-true and holding that the district court must remand for an award of benefit, "regardless of whether the ALJ *might* have articulated a justification for rejecting Dr. Fox's opinion.").  On the other side, however, this District Court is bound by Ninth Circuit precedent, all of which seems to recognize some form of credit-as-true, and cannot simply declare it all overruled.[2]

---

[2] Conversely, another district court in this Circuit has applied *Strauss* as a reason to remand for the ALJ to explain his decision.  *Barajas v. Astrue*, 2011 WL 3607450, *6 (S.D.Ca. July 8, 2011) ("There may or may not be evidence in the record the ALJ can rely

**Medical Evidence in this Case**

Using the three step process the Court articulated above, this Court must first determine, assuming credit-as-true is mandatory and after applying credit-as-true, whether to remand for an award of benefits or for further proceedings.  As stated above, in this case, Defendant concedes that the ALJ did not give specific and legitimate reasons for not relying on the testimony of Dr. DeJesus, Dr. Lanier, Nurse Henderson, or Dr. Mason.   The medical testimony of these four professionals is as follows.

> Dr. DeJesus found [Plaintiff] could stand and/or walk for less than two hours and sit for less than six hours in an eight-hour workday.  Lifting was limited to less than ten pounds, and even then only occasionally... with limitations in reaching, handling, and fingering. ... Dr. DeJesus also noted [Plaintiff] utilized a motorized wheel chair to assist in ambulation due to poor balance and a risk of falling.

Doc. 17 at 4-5.

> Teresa Lanier, M.D., Ph.D., ... assessed limitations [that] also relegated [Plaintiff] to less than even sedentary work: standing and/or walking for less than two hours an sitting for less than six hours in an eight-hour workday, and lifting less than ten pounds...Dr. Lanier assessed pain at the moderately severe level ... resulting in constant interference with attention and concentration, leading to frequent interference in the ability to complete tasks in a timely manner.

*Id.* at 8.

> [Nurse Practitioner] Henderson found [Plaintiff] could stand and/or walk less than two hours and sit for less than six hours in an eight-hour workday, and lift less than ten pounds.... [Plaintiff] required a motorized wheel chair to assist in ambulation, due to 'unable to walk steadily, fear of falling' ... . Ability to reach, handle, and finger were also limited.

*Id.* at 6-7.

> The treating psychiatrist, Howard K. Mason. M.D. ... assessed severe limitations ... in abilities to understand, carry out, and remember instructions; perform simple and repetitive tasks; perform complex and varied tasks;

---

on to render the required 'specific' and 'legitimate' reasons for disregarding these opinions; regardless, the ALJ is in a better position to perform the task than this Court.").  That court further held, "In light of the ALJ's failure to articulate any basis for rejecting the conflicting determinations of Doctors Craemer and Ahmed, the matter should be remanded to allow the ALJ to explain his reasons for doing so."  *Id.* (citing *Strauss*).

complete a normal workday/workweek without interruptions from psychologically based symptoms; and to perform at a consistent pace without an unreasonable number/length rest periods. [Plaintiff] also had moderately severe limitations ... in abilities to respond appropriately to supervision, co-workers, and customary work pressures.

*Id*. at 7-8.

Thus, at this point, this Court must decide whether, after "crediting-as-true" these opinions, the only conclusion is that Plaintiff is disabled. As Plaintiff's counsel notes, "At step four, the ALJ concluded [Plaintiff] could return to past relevant work as a park aide and teller..., which the vocational expert testified were jobs performed at the light exertional level." *Id*. at 12. The ALJ reached this conclusion presumably having not relied on the above quoted doctor's opinions. However, the undersigned, not being able to ask the vocational expert questions, and not being the fact finder in social security cases, is in a difficult position to know whether to reverse the ALJ's conclusion that Plaintiff, "could perform 'a range of less than light work as defined in 20 CFR 404.1545(a)(1).'" *Id*. at 12.

The Ninth Circuit is split on whether remanding for further vocational expert opinion, using the "credited" testimony is appropriate. *Compare Harman*, 211 F.3d at 1180 ("In cases where the testimony of the vocational expert failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits.") *with Benecke*, 379 F.3d at 595-96 (acknowledging a lack of vocational expert testimony with the improperly discredited testimony, but holding, "Even without extensive [vocational expert] testimony, [Claimant's] entitlement to benefits is clear.").

Here, the testimony of Dr. Mason, if credited, appears to make it unlikely that Plaintiff can work. However, this Court is hesitant to reach this conclusion without confirmation from a vocational expert that a person with such limitation could not work. Accordingly, this Court finds that there are outstanding issues to be resolved, and will remand for further proceedings.

**Credit-as-true on remand**

As the Court discussed above, the Court presumed for purposes of this Court's analysis that applying credit-as-true was mandatory. *See Vasquez*, 572 F.3d at 593 (declining to decide whether credit-as-true was mandatory when there were further issues to resolve on remand). The next inquiry is whether this Court must direct the ALJ to likewise "credit-as-true" the testimony that Defendant concedes the ALJ did not properly consider.[3]

Defendant argues, for all the reasons detailed above, that this Court cannot usurp the ALJ's fact finding role by directing the ALJ on remand to credit as true testimony that the ALJ has a variety of reasons to discredit.[4] Again, for the reasons discussed above, the Court does not feel at liberty to completely reject credit-as-true in this Circuit. Further, courts applying credit-as-true appear to carry those "credits" to the ALJ's decision, even when the case is remanded for further proceedings. *See e.g. Vasquez*, 572 F.3d at 598 (ordering the ALJ on remand to credit *Vasquez*'s pain testimony). However, the concurrence in *Vasquez* stated that the majority was applying "credit-as-true" in the exercise of their discretion, and not mandatorily. *Id.* at 601 (Hawkins, J. concurring) ("we are free to exercise our discretion (but not required) to apply the credit-as-true rule in this case").

---

[3] A second prong of this inquiry, which Defendant did not address, is Plaintiff's claim that the ALJ improperly rejected Plaintiff's pain and symptom testimony. Thus, Plaintiff argues that this testimony, also, should be credited as true to establish that she is disabled, or alternatively be credited as true on remand.

[4] Specifically, Defendant seeks an order remanding as follows: "Upon remand, the Appeals Council will remand the case back to an administrative law judge (ALJ) to hold a de novo hearing and issue a new designation regarding Plaintiff's eligibility for disability insurance benefits. The Appeals Council will instruct the ALJ to evaluate *all* of the opinion evidence of record, including the opinions of Mildred DeJesus, M.D., Teresa Lanier, M.D., and Howard Mason, M.D., as well as the opinion of Lois Henderson, a nurse practitioner, and specify the weight assigned to each opinion. The Appeals Counsel will instruct the ALJ to craft a residual functional capacity that reflects the evaluation of the opinion evidence, and, if necessary, obtain testimony from a vocational expert to determine the effect of Plaintiff's limitations on her occupational base." Doc. 13-1 at 1-2.

- 10 -

So, the Court must determine whether credit-as-true is mandatory for the ALJ on remand for further proceedings or discretionary. Taking guidance from the concurrence in *Vasquez*, the Court finds whether to apply credit-as-true on remand is discretionary. *Id.* Thus, the Court must consider the factors for when to credit-as-true on remand, including whether Plaintiff is of an advanced age and whether Plaintiff has suffered a severe delay in the application process. *Beck v. Astrue*, 2012 WL 1378691, *5 (D. Ariz. 2012) (citing cases finding three year and seven year delays not extraordinary in social security cases). The Court can also consider the need for the income. *Benecke*, 379 F.3d at 595.

In this case, Plaintiff recounts public policy reasons that this Court should apply credit-as-true and remand for an award of benefits. Doc. 17 at 27-28. However, Plaintiff makes no specific arguments about whether this Court should discretionarily apply credit-as-true on remand in this case. The Court notes that Plaintiff applied for benefits in January 2007, approximately five and one-half years ago.

On this record, the Court does not order the ALJ to credit any of the doctor's findings or Plaintiff's pain testimony as true on remand. The ALJ should reconsider all evidence in this case, pose the necessary questions to the vocational expert based on that evidence, and make a new determination, de novo, regarding Plaintiff's entitlement to benefits.

**Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to remand (Doc. 13) is granted; accordingly, the decision of the ALJ is reversed and this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the ALJ to consider all evidence in this case as specified above; the Clerk of the Court shall enter judgment consistent with this Order.

DATED this 19th day of June, 2012.

James A. Teilborg
United States District Judge